UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                      Criminal No. 06-211(2) MJD/AJB

           Plaintiff,

v.                                   **REPORT AND RECOMMENDATION**

ERIC DION DAVIS,

           Defendant.


    Jeffrey S. Paulsen, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Stephen W. Walburg, Esq., for the defendant, Eric Dion Davis.


    This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on August 11, 2006, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415. Defendant Eric Dion Davis presented motions for discovery and disclosure and further moved for suppression of evidence. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure and Unlawful Arrest [Docket No. 44] is before the court for submission to the district court on report and recommendation.

    Based upon the file and documents contained therein, along with testimony and exhibits presented at hearing, the Magistrate Judge makes the following:

**Findings**

    Defendant Eric Dion Davis was arrested on June 23, 2006, following a investigation into the sale of controlled substances. In the course of the investigation defendant Davis was observed

to be present and handing something to co-defendant Kevin Fenner at a controlled drug buy on May 11, 2006, involving the sale of 63 grams of crack cocaine to a confidential source.

On June 23, 2006, a confidential informant made a phone call to co-defendant Fenner to arrange a controlled purchase of four ounces of crack cocaine and $1,000 worth of heroin, to take place at a location specified by Fenner.  Prior to the transaction police officers conducted surveillance of Fenner's St. Paul, Minnesota, residence.  At approximately 7:20 p.m. on June 23, 2006, Fenner was observed leaving the residence in a tan Mercury vehicle, also occupied by Eric Hargrove, a co-defendant in this action.   At the scene of the planned drug transaction the confidential informant got into a vehicle in which Hargrove was seated in the front passenger seat and defendant Davis was in the driver's seat.  Upon signal given immediately after the informant exited the vehicle, officers moved to the vehicle and arrested the occupants, Hargrove and Davis.  Four ounces of crack cocaine and six-to-eight grams of heroin were found on Hargrove's person.  A cell phone was seized from the vehicle.  Defendant was arrested at the scene for participation in drug conspiracy.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

Defendant Eric Dion Davis was not unlawfully arrested and evidence obtained as a result of the arrest was not obtained in violation of defendant's constitutional rights.  Defendant Davis' arrest was based upon evidence that was sufficient to establish probable cause that he was an active participant in a conspiracy to engage in drug trafficking activity.  Specific evidence of Davis' involvement in a drug trafficking conspiracy include police observations of his presence and interactions at controlled drug buys which took place with the defendant's apparent knowledge of the particular

transaction taking place.  United States v. Clark, 754 F.2d 789, 791 (8th Cir. 1985).  Suppression of the arrest and search and seizure evidence is not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Eric Dion Davis' Motion to Suppress Evidence Obtained as a Result of Search and Seizure and Unlawful Arrest be **denied**  [Docket No. 44].

Dated:     August 15, 2006

  s/ Arthur J. Boylan  
Arthur J. Boylan  
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 30, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.